MARIANNA MANUFACTURING COMPANY, A CORPORA-TION, *Plaintiff in Error,* v. M. F. BOONE, *Defendant in Error.*

1. Where a declaration contains two counts and the verdict finds for the plaintiff on one specified count of the declaration for an amount less than was claimed in that count, and the verdict does not mention the other count, such a verdict is in law an effectual finding for the defendant on the count not mentioned in the verdict.

2. Where the verdict is in effect for the defendant on any one or more of the counts of a declaration the costs should be taxed as the statute and rule direct.

3. Objections to the form of a verdict should be made before the jury is discharged.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Benj. S. Liddon,* for plaintiff in error;

*C. L. Wilson,* for defendant in error.

WHITFIELD, J.—The declaration was for breach of contract and contained three counts. A demurrer was sustained as to the third count. The first count claimed damages in $366.67, and interest, and the second count claimed damage in $400.00, and interest. Pleas to the merits were filed to the first and second counts and issue was joined thereon.

At the trial, the following verdict was rendered: "We the jury find for the plaintiff under the first count of the declaration, and assess the damages at $248.77 1-3; judgment was rendered for the amount so found and costs.

The defendant took writ of error and one of the errors assigned is the entering of judgment for the plaintiff upon the verdict herein.

It is contended solely that "the court should not have entered a judgment upon the verdict because it is a partial finding of only one of the issues before the jury, but should have granted a new trial and submitted the case to another jury that the entire case might be determined and disposed of."

Issues were joined on the pleas to the merits of each of the two counts of the declaration and the verdict is for the plaintiff on the first count, with no reference in the verdict to the second count.

The legal effect of the verdict is a finding for the plaintiff in the amount stated therein on the first count and a finding for the defendant on the second count.

Although the declaration contains two counts to which pleas to the merits were filed and issue joined upon all the pleas the verdict returned fully responded to all the issues tried, as it is an express and affirmative finding in favor of the plaintiff on one specified count of the declaration for an amount less than was claimed in that count without mentioning the other count which in law is an effectual finding for the defendant on the count not mentioned in the verdict.   See Shaw v. Bemhart, 17 Ind. 183; Central Union Tel. Co. v. Fehring, 146 Ind. 189, 45 N. E. Rep. 64; Spencer v. New York & N. C. R. Co., 62 Conn. 242, 25 Atl. Rep. 350; Smith v. State, 40 Fla. 203, 23 South Rep. 854; Green v. State, 17 Fla. 669.

Where the verdict is in effect for the defendant on any one or more of the counts of a declaration the costs should be taxed as the statute and rules direct.

It does not appear that the defendant took any steps before the jury was discharged to have the verdict expressly state the finding as to the second count.   The objection comes too late to the form of the verdict which by implication of law finds for the defendant on the second count and is sufficient under the first count to sustain the judgment.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.