102 So.2d 855 (1958)
E.B. MOYLAN, Jr., Appellant,
v.
Sophronia I. ESTES, Appellee.
No. 57-181.
District Court of Appeal of Florida. Third District.
May 15, 1958.
Rehearing Denied June 12, 1958.
Anderson & Nadeau, Miami, for appellant.
R.P. Terry, Miami, for appellee.
HORTON, Acting Chief Judge.
Appeal has been taken from a summary judgment entered by the court below in favor of the appellee. The summary judgment resulted from an action brought by the appellant to recover a broker's commission upon an implied contract of employment with the appellee.
Prior to the present appeal, the appellant had brought an action for a real estate broker's commission upon a written contract growing out of the same factual circumstances as exist here. A summary judgment was entered in that case in favor of the appellant which was reversed on appeal to the Supreme Court of Florida on the theory that the written contract of employment sued upon provided that no commission would be paid unless the sale was consummated. Estes v. Moylan, Fla. 1957, 94 So.2d 362, 366. The sale contemplated by the written contract was not contemplated. However, in reversing the summary judgment in that case, the court did so "* * * without prejudice to the right of Moylan to sue on an implied contract, if he deems such action advisable." This action was subsequently brought on the theory of implied contract which resulted in the present appeal to this court.
The facts of the transaction in the case on appeal are fully set forth in Estes v. Moylan, supra, and will not be detailed here. *856 Briefly, Moylan was instrumental in obtaining a written contract for the sale of a large tract of land owned by Mrs. Estes. After the contract was executed, the purchaser ascertained that a dike was to be built across the property and thereupon refused to consummate the transaction. Subsequently, the purchaser dealt directly with Mrs. Estes and eventually purchased a portion of the land originally under contract at a price per acre in excess of that called for in the nonconsummated contract.
In entering the summary judgment, the court below concluded that Moylan could not recover on an implied contract when the subject matter of the contract was express, and particularly so since after the abandonment or nonconsummation of the written contract Moylan had not, with Mrs. Estes' knowledge, continued negotiations with the purchaser. In support of this position, the able trial judge relied to some degree on Snyder Realty Co. v. National Newark & Essex Banking Co., 14 N.J. 146, 101 A.2d 544, 553, wherein it was said:
"It is a `well settled rule that an express contract excludes an implied one. An implied contract cannot exist where there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise. It is only when the parties do not agree that the law interposes and raises a promise. When an express contract exists, there must be a rescission of it before the parties will be remitted to the contract which the law implies, in the absence of that agreement which they have made for themselves.'"
The foregoing rule must be applied with considerable caution and only when the facts do not suggest that the parties had a contrary intention or that such an intention could be implied by their actions. The rule is not absolute and, as stated in 3 Corbin, Contracts, § 564, p. 172, is somewhat misleading:
"The statement is frequently found that where the parties have made an express contract the law will not imply one. This is a misleading statement, even though some truth is concealed within it. It is more accurate, even though not very useful as a working rule, to say that where the parties have made an express contract, the court should not find a different one by `implication' concerning the same subject matter if the evidence does not justify an inference that they intended to make one. Of course, even in the absence of any express promise or contract, an implied promise or contract should not be found to exist unless the conduct of the parties, under the existing circumstances, makes such an inference or implication reasonable. But the fact that an express contract has been made does not prevent the parties from making another one tacitly, concerning the same subject matter or a different one. Further, innumerable cases show that the fact that a contract has been put into express words does not prevent the meaning and legal operation of those words from being affected by process of `implication' from the conduct of the parties and from surrounding circumstances." [Italics supplied.]
The facts before us indicate that the broker, Moylan, was successful in obtaining a preliminary contract for the sale of a specific tract of land. Later, through no fault of the broker, the prospective purchaser refused to consummate the transaction and immediately negotiated a contract for the purchase of a portion of the tract at a higher price per acre. The depositions on file show that Moylan attempted to contact Mrs. Estes to see if this transaction could be salvaged or possibly a new contract negotiated. In this attempt he was rebuffed by the son of Mrs. Estes. In fact, Moylan was attempting to make an *857 appointment for further consideration of the transaction at the very time Mrs. Estes was negotiating the ultimate sale of the smaller tract.
It cannot be questioned that Moylan was the procuring factor in the eventual sale. It was solely through his efforts that the parties were brought together; however, his recovery has been denied on the basis that no commission would be due unless the original contract was consummated. This fact was precluded by the subsequent negotiation by the parties which led up to a sale of a portion of the land originally under contract. From these facts, we feel an implied promise arose to pay the broker a commission for the amount of land that was actually sold though this amount might be less than that originally contracted for. See Foley-Carter Ins. Co. v. Commonwealth Life Ins. Co., 5 Cir., 128 F.2d 718. To hold otherwise would be to sanction a fraud.
As further pointed out in 3 Corbin, Contracts, § 567, p. 189:
"The fact that an express contract for a commission was made between principal and agent does not prevent the finding of a different promise by implication where the services contemplated in the express contract were never rendered. The acceptance by the principal of a different service, knowing that the agent expected pay for rendering it, justifies the finding of a promise to pay for a reasonable rate."
To illustrate this point the author cited Benedict v. Pfunder, 183 Minn. 396, 237 N.W. 23, wherein Pfunder expressly agreed to pay a commission of $100,000 if his agent were to effect the sale of a secret remedy for one million dollars. The agent produced a prospective purchaser who did not purchase but negotiated a licensing and royalty agreement with Pfunder. In holding that an express contract did not preclude an implied contract on different terms, the court stated, through Justice Stone:
"There can be no question of the right of a plaintiff, in a proper case, to declare on an express contract, and at the same time on one, covering the same transaction, implied as of fact. In such a case, the worst that can happen is a compelled election, at the trial or before, between two causes of action. * * *
* * * * * *
"* * * But it frequently happens, as on plaintiff's evidence it may have happened here, that, starting with an express contract, the parties soon and plainly, although tacitly, deliberately leave their original compact behind, and so conduct themselves, one performing services or rendering benefit to the other which the latter accepts, that a promise to pay may or even must be implied from their conduct. That is, their actions rather than their words produce implications from which a new contract appears."
It is true that Moylan did not participate in the final negotiations which culminated in the sale. However, in light of the efforts of the vendor and purchaser to immediately negotiate new terms after the abandonment of the original contract and to secrete this fact from Moylan, we feel that the requirement of "continuous negotiations" (Estes v. Moylan, supra, and cases cited therein) would not be applicable. "Where a party contracts for another to do a certain thing, he thereby impliedly promises that he will himself do nothing which will hinder or obstruct that other in doing the agreed thing." 7 Fla.Jur., Contracts, § 145, p. 213; Hanover Realty Corp. v. Codomo, Fla. 1957, 95 So.2d 420.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON, J., and CRAWFORD, GRADY L., Associate Judge, concur.