MANN, Chief Judge.
The trial judge s resolution by summary judgment of this claim for commission on the brokerage of a loan is premature. There is dispute as to several material facts “found” by the trial judge in his summary judgment. The finding that at the initial meeting between Pepin, Werner (his agent) and Davis, Prudential’s Tampa loan manager, “there was interest expressed,” is disputed. So is the determination that “it affirmatively appears from the testimony of Mr. Werner that he made the arrangements” for a meeting at which Prudential indisputably expressed interest and offered a commitment conditioned on changes in construction plans. Werner’s testimony is clear enough, but it is contradicted by Frank and Knight, who say they engineered the meeting. The finding that “the meeting of November 6, 1970 ended in an impasse due to Mr. Davis’ disapproval of stucco on frame construction” is true that far, but the statement that “neither of the plaintiffs took any action to obtain a favorable commitment or continue negotiations thereafter” is negated by evidence that Werner told them that the deal was dead and that further negotiations were *390 pointless, when in fact — they claim — he changed the plans to meet Prudential’s requirements and later got a commitment on the basis of the changed plans. The finding that “the file maintained by The Prudential Insurance Company of America in its Tampa real estate office contains no mention of any communication or contact with either of the plaintiffs” may be true but it does not negate their claim, nor does it answer the admission of Prudential agents that they had discussed the project with Frank and Knight. The finding that Knight and Frank did nothing after the November meeting with Prudential is true enough, but their version of the facts is that Werner told them that the deal was off, and that he did, in fact, resume negotiations shortly thereafter with Prudential.
If all of these findings were embodied in a final judgment they would be supported by substantial competent evidence and af-firmable. But Frank and Knight have the right to prove, if they can, that they were the procuring cause of the loan. Their version of the facts is that the first meeting between Pepin, Werner and Prudential’s agent accomplished nothing. Clearly Prudential needs no introduction, and they do not claim to have informed Pepin’s group of Prudential’s interest in lending money. They do claim to have aroused its serious interest in this project and carried it to the point at which all that remained was a minor change in plans, which Werner made after throwing them off the track. There is plenty of evidence to support Pepin’s view of the facts, and at final hearing we have no doubt it will be adduced. See Moylan v. Estes, Fla.App.3d 1958, 102 So.2d 855; Shuler v. Allen, Fla.1955, 76 So.2d 879.
Here the trial judge has resolved factual disputes on motion for summary judgment, which he cannot do.
Reversed and remanded.
HOBSON, J., and COWART, JOE A., Jr., Associate Judge, concur.