BASKIN, Judge.
After Antonio Fernandez was injured in a construction accident, he and his wife sued to recover damages under theories of negligence and breach of warranty. They recovered $101,600 under the negligence count but failed to recover under the count alleging breach of warranty.
The trial court awarded each party his costs pursuant to the counts upon which he prevailed. Appellants contend that they alone were entitled to recover costs, citing section 57.041, Florida Statutes (1979). We agree and reverse.
Section 57.041 provides:
(1) The party recovering judgment shall recover all his legal costs ....
Under that section, only a prevailing party is entitled to recover costs: Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla.1980). In Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908), the court established the principle that costs should be taxed “as the statutes and rules direct” but reached a different result by virtue of facts which are distinguishable from those presented in the case before us. In Marian-na the prevailing party’s judgment recovered less than the amount sought, and the court perceived the opposing party as having prevailed. In the case before us, however, Antonio and Marta Fernandez clearly prevailed and were thus entitled to recover their costs.
For these reasons, we reverse the costs’ judgment entered in favor of appellee and remand for the entry of a judgment for costs in favor of the prevailing parties, Antonio and Marta Fernandez.