BARKDULL, Judge,
dissenting.
The plaintiffs’ third amended complaint contained four counts. It sought relief against Hendry Tractor and its insurors upon a count of “negligence and a count of breach of warranty and strict liability. Its third count sought recovery against International Harvester and its insurance carriers under a claim for negligence and, in the final count, sought recovery against International Harvester upon a theory of strict liability or implied warranty. Upon a special interrogatory verdict, both International Harvester and Hendry Tractor were exonerated on the breach of warranty counts and, in fact, final judgment was rendered in favor of International Harvester on this verdict. And undoubtedly, if Hendry Tractor had sought a final judgment in accordance with the verdict on the breach of warranty counts it would also have been entitled to a final judgment.
I therefore would affirm the action of the trial judge in permitting Hendry Tractor to, in effect, recover the amount of the cost it expended in successfully defending against the breach of warranty counts. It appears to me that this case is clearly controlled by Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908), wherein the Supreme Court of Florida held that where a jury found in favor of a plaintiff on one count of the complaint without mentioning the other count its silence was an effectual finding in favor of the defendant and therefore ap *1215 proved apportioning the cost in accordance with the prevailing party as to each count,