432 So.2d 1315 (1983)
HENDRY TRACTOR COMPANY, A Florida Corporation, Petitioner,
v.
Antonio FERNANDEZ and Marta Fernandez, His Wife, Respondents.
No. 61527.
Supreme Court of Florida.
April 21, 1983.
Rehearing Denied July 8, 1983.
Nancy Schleifer of Peters, Pickle, Flynn, Niemoeller, Stieglitz and Downs, Miami, for petitioner.
Edward A. Perse of Horton, Perse & Ginsberg, and Lawrence Rodgers, P.A., Miami, for respondents.
ADKINS, Justice.
This cause comes before us on petition for discretionary review of a decision by the Florida District Court of Appeal, Third District, reversing the trial court's cost judgment. Fernandez v. Hendry Tractor Co., 406 So.2d 1213 (Fla. 3d DCA 1981).
Our jurisdiction vests under article V, section 3(b)(4), Florida Constitution (a question of great public importance).
Mr. Fernandez, respondent, was injured in an accident involving one of petitioner's post hole diggers. Thereafter Mr. Fernandez along with his wife, Marta, brought a personal injury action against Hendry Tractor. Under Florida's alternative pleading rules the Fernandezes were obliged to frame their cause of action in two counts; one sounding in negligence, the other in breach of warranty/strict liability. The trial jury, by way of special verdict interrogatories, *1316 found Hendry Tractor Company liable on the negligence count but not liable on the count of strict liability/breach of warranty. The final judgment rendered pursuant to the verdict provided that Antonio and Marta Fernandez recover from Hendry Tractor Co. the sum of $101,600.00. Thereafter the trial judge taxed costs in favor of the Fernandezes in the amount of $ 3,650.54 and in favor of Hendry in the amount of $10,623.06. [The judge's rationale being that Hendry had prevailed on the breach of warranty/strict liability count and should be awarded costs on that particular portion of the litigation.] The respective costs were then set off with the final cost judgment being entered in favor of Hendry (defendant at trial) for the sum of $6,975.52. Thereupon the Fernandezes appealed the cost judgment.
The Florida Third District Court of Appeal, citing Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980), reversed and held that the Fernandezes alone were entitled to costs as they were the prevailing parties.
Hendry Tractor then suggested that the district court's opinion be certified to the Florida Supreme Court as a matter of great public importance. The district court, Schwartz, J., dissenting, heeded this suggestion and the following question was certified:
Whether a party is entitled to recover legal costs pursuant to section 57.041(1), Florida Statutes (1979), which provides that the party recovering judgment shall recover all his legal costs, when that party was awarded a judgment on only one of the counts in his multi-count complaint.
Fernandez v. Hendry Tractor Co., No. 80-2325 (Fla. 3d DCA, Jan. 5, 1982).
For reasons discussed below we find that a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the "party recovering judgment" for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs. In so deciding, we approve the decision of the district court.
Section 57.041(1), Florida Statutes (1979), entitled "Costs; recovery from losing party", provides:
(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(Emphasis added.) The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed. Rather, it should be applied as is to the given situation.
At trial, the jury found Hendry Tractor culpably negligent and as a result, the Fernandezes were awarded $101,600.00. Hendry filed no counterclaims, nor were any affirmative claims established against the Fernandezes during the course of litigation. Net judgment was, without doubt, rendered in favor of the plaintiffs/Fernandezes. As a general rule costs follow the outcome of the litigation and we are not here confronted with a situation warranting departure from such principle. Schwartz v. Zaconick, 74 So.2d 108 (Fla. 1954); Spicuglia v. Green, 302 So.2d 772 (Fla. 2d DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1975); Jordon v. Reynolds, 154 So.2d 200 (Fla. 3d DCA 1963). The Fernandezes are clearly the parties recovering judgment and should be awarded costs.
As we have stated above, section 57.041(1), Florida Statutes (1979), is entitled "Costs; recovery from losing party" (emphasis added). It follows logically that for Hendry Tractor to recover costs under section 57.041 the Fernandezes should be classified as the "losing parties" in the litigation. Here the facts do not support such a classification. It is undisputed that the Fernandezes were granted recovery on their claim of negligence but not on their strict liability/breach of warranty claim. The fact that their recovery could have been more lucrative than it actually was does not, by any stretch of the imagination, *1317 render their ultimate monetary judgment of $101,600.00 a losing proposition. See Kendall East Estates, Inc. v. Banks.
Petitioner contends that Hendry Tractor prevailed on the breach of warranty/strict liability count and is entitled to costs for that portion of the litigation under the principle enunciated in Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754, 755 (1908): "Where the verdict is in effect for the defendant on any one or more of the counts of a declaration, the costs should be taxed as the statute and rules direct." (Emphasis added.) Petitioner further contends that the facts of the instant case are indistinguishable from those in Marianna Mfg. and therefore the Marianna Mfg. interpretation of the cost statute is binding.
We do not agree.
This Court, in Marianna Mfg. applied section 1736, Florida Statutes (1906), which stated in pertinent part: "Recovery of costs from losing party.  In all cases the party recovering the judgment shall recover also all his legal costs and charges which shall be included in the judgment." Although the wording of this provision closely resembles that of the present statute, section 57.041, the meaning and effect of the two statutes should not be equated.
The Court in Marianna Mfg. applied section 1736 long before Florida adopted the modern rules of pleading which permit alternative pleading of causes of action arising, or which could arise, out of the same transaction. In addition Marianna Mfg. was decided prior to Florida's adoption of strict liability. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976). These factors, when considered together, render the 1908 interpretation of the cost statute outdated. Contrary to petitioner's contentions, the Fernandezes alternative theories of recovery were legitimate. In fact, pleading negligence and strict liability in the alternative was an advisable tactic under the circumstances. This Court, in West, commented on the interdependence of recovery theories arising in the area of products liability, stating:
Products liability deals with recourse for personal injury or property damage resulting from the use of a product and, in the past, has covered actions for negligence, breach of express warranty, breach of implied warranty, and fraud. These theories of recovery have been refined and consolidated to such an extent that the distinctions frequently have more theoretical than practical significance. As a result the theory of strict liability has evolved to complement the traditional conditional warranty and negligence theories.

336 So.2d at 84 (emphasis added).
When framing a products liability cause of action one should not view the use of strict liability and negligence theories as an "either/or" proposition. Generally, as emphasized by the Court in West, these two theories of recovery should "complement" each other and be presented together in order to adequately address all pertinent issues. In the case before us, to penalize with costs a party recovering net judgment for following such a legitimate procedural avenue would run contrary to fundamental principles of justice. Here the jury found Hendry Tractor Co. guilty of culpable negligence. We see no valid reason to establish a rule of law which would allow such a culpably negligent manufacturer to recover a net cost judgment against the injured party. In so ruling we approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J. and BOYD, J., concur.
EHRLICH, J., concurs specially with an opinion, in which ADKINS, J., concurs.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
EHRLICH, Justice, specially concurring.
Under our rules, a plaintiff may seek relief on more than one theory. See Fla.R. Civ.P. 1.110(g). Accordingly, the complaint may contain several counts, each count seeking the same relief but on a different legal theory. If the plaintiff recovers under one theory, he has prevailed in the *1318 litigation and I look upon him as "the party recovering judgment" within the purview of section 57.041, Florida Statutes (1981), and hence entitled to recover all his legal costs. From the standpoint of the recovery of costs, where the plaintiff has prevailed on one count of a multiple count complaint, but has not recovered on the other counts, I do not think that such failure precludes him from being the sole party entitled to recover legal costs. He has succeeded in doing what he sought to do when suit was filed, namely, make a recovery, and in my view, is "the party recovering judgment."
Where the verdict is general, the problem presented in this case does not arise, but if the verdict be special, then it may be argued that the defendant has recovered a judgment on those counts wherein the plaintiff did not prevail, and that in fairness, he ought to recover his costs expended in successfully defending such counts. I do not believe this is the legislative intent of section 57.041. If a change is to be made to permit the recovery of legal costs of successful defense by a defendant who has prevailed on all counts but one of a multi-count complaint, the legislature should do it and not this Court.
ADKINS, J., concurs.
McDONALD, Justice, dissenting.
I dissent. In doing so I adopt the dissent of Judge Barkdull in the Third District Court of Appeal because I feel his analysis is correct. That dissent reads as follows:
The plaintiffs' third amended complaint contained four counts. It sought relief against Hendry Tractor and its insurors upon a count of negligence and a count of breach of warranty and strict liability. Its third count sought recovery against International Harvester and its insurance carriers under a claim for negligence and, in the final count, sought recovery against International Harvester upon a theory of strict liability or implied warranty. Upon a special interrogatory verdict, both International Harvester and Hendry Tractor were exonerated on the breach of warranty counts and, in fact, final judgment was rendered in favor of International Harvester on this verdict. And, undoubtedly, if Hendry Tractor had sought a final judgment in accordance with the verdict on the breach of warranty counts it would also have been entitled to a final judgment.
I therefore would affirm the action of the trial judge in permitting Hendry Tractor to, in effect, recover the amount of the cost it expended in successfully defending against the breach of warranty counts. It appears to me that this case is clearly controlled by Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908), wherein the Supreme Court of Florida held that where a jury found in favor of a plaintiff on one count of the complaint without mentioning the other counts its silence was an effectual finding in favor of the defendant and therefore approved apportioning the cost in accordance with the prevailing party as to each count.
406 So.2d at 1214 (Barkdull, J., dissenting).
OVERTON, J., concurs.