506 So.2d 6 (1987)
QUAYSIDE ASSOCIATES, LTD., a Florida Limited Partnership, and La Ville, Inc., a Florida Corporation, Appellants/Cross-Appellees,
v.
Edward TRIEFLER, Appellee/Cross-Appellant.
Nos. 85-2329, 85-2424 and 85-2491.
District Court of Appeal of Florida, Third District.
March 3, 1987.
Rehearing Denied May 19, 1987.
Lapidus & Frankel and Richard Lapidus, for appellants/cross-appellees.
Stuzin & Camner and Richard Bernstein, for appellee/cross-appellant.
Before HUBBART, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff Edward Triefler, a real estate salesman, commenced this action for a sales commission. He alleged two theories: (1) an express contract and (2) an implied contract. The case was submitted to the jury on both theories. A verdict was returned, by a special interrogatory form, finding no express contract but finding a contract implied in fact and assessing damages based on terms the same as those of the alleged express contract.
*7 Quayside's first point on appeal is that the jury, having found no express contract, could not award damages based on an implied contract absent proof of an implied contract and proof of the reasonable value of services rendered.
First, there was sufficient evidence of a contract implied in fact to make for a jury question. Second, there is nothing in the instruction given the jury which suggests, as Quayside argues, that the jury was directed to find an implied contract if it found no express contract. The jury's finding of a contract implied in fact and no express contract is consistent with the settled rule that the law will not imply a contract where a valid express one exists. Moylan v. Estes, 102 So.2d 855, 856 (Fla. 3d DCA), cert. denied, 106 So.2d 199 (Fla. 1958).[1]
Second, an alleged express contract which fails as such for lack of proof may be considered as evidence of damages in an action based on an implied contract. Hazen v. Cobb, 96 Fla. 151, 156, 117 So. 853, 857 (1928). Although the jury found no express contract it could have, and obviously did, consider the failed express contract as evidence of the value of the services performed.
On the authority of section 620.30, Florida Statutes (1985), and Chase Lincoln First Bank v. Borinquen, Ltd., 494 So.2d 295 (Fla. 3d DCA 1986), we also reject Quayside's contention, as a separate issue, that all the general partners are indispensable parties to an action against a limited partnership.
The cross-appeal must be affirmed. A directed verdict on the fraud claim was correct because there was no evidence of fraud. Industrial Fire & Casualty Co. v. Stroud, 488 So.2d 600 (Fla. 3d DCA 1986) (directed verdict at end of all evidence proper where there was no conflict in evidence or reasonable inferences drawn therefrom); National Car Rental Sys. v. Bostic, 423 So.2d 915 (Fla. 3d DCA 1982) (same). Quayside demonstrated conclusively that the contract dispute did not rise to the level of an independent willful tort; therefore, summary judgment against Triefler on his claim for intentional infliction of mental distress was correct. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985) (liability for intentional infliction of emotional distress found only where conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency); Crenshaw v. Sarasota County Pub. Hosp. Bd., 466 So.2d 427 (Fla. 2d DCA 1985) (there is no recovery for mental distress caused by breach of contract in absence of an independent willful tort).
Affirmed.
NOTES
[1] It is said in Moylan that where a plaintiff declares on both an express contract and an implied contract covering the same transaction, he may be compelled to elect between the two causes of action. Here there was no demand for an election.