NESBITT, Judge.
The prevailing plaintiff appeals from orders granting defendants’ cost judgment and denying his motion to tax expert witness fees. We reverse.
The plaintiff initiated a complaint against the defendants requesting damages under claims of breach of contract, fraud, and quantum meruit. The defendants did not assert any counterclaims. The trial court determined that the plaintiff should recover solely quantum meruit and reserved jurisdiction to rule on the parties’ motions for costs. The plaintiff appealed the judgment before the trial court had entered any order on the merits of the defendants’ claims for costs and fees. See Rohrback v. Dauer, 528 So.2d 1362 (Fla. 3d DCA 1988). Consequently, this appeal represents an attack upon the post-judgment ruling for costs. Therefore, defendants’ reliance upon Commodore Plaza at Century 21, etc. v. Cohen, 350 So.2d 502, 506 (Fla. 3d DCA 1977), cert, denied, 362 So.2d 1051 (Fla. 1978), is misplaced. In that case, we determined that a tenant who had not challenged a trial court’s jurisdiction to award interest and attorney's fees prior to the hearing thereon, could not raise that issue on appeal. Here, it would have been premature to challenge the rulings on the motions for costs until those matters had been determined and settled. Thus, having determined that we are not foreclosed from reviewing the plaintiff’s claim, under the rationale of Hendry Tractor Co. v. Fer *34 nandez, 432 So.2d 1315 (Fla.1983), we hold that the defendants were not prevailing parties and were not, therefore, entitled to have any costs assessed in their favor. For this reason, that order is reversed.
On the plaintiff’s second claim, we agree that the trial court erred in denying the plaintiff any award for the fees of his expert witness. That expert testified as to the value of what the plaintiff would have received under the terms of the express contract with the defendants. It is clear that notwithstanding the fact that the jury in a special interrogatory verdict rejected the plaintiff’s claim for breach of contract, that same expert witness’s evaluation also went to and was properly utilized by the jury in determining the quantum meruit award arising out of the same facts and circumstances. See Hazen v. Cobb, 96 Fla. 151, 117 So. 853, 858 (1928); Quayside Assocs. Ltd. v. Triefler, 506 So.2d 6 (Fla. 3d DCA 1987). For this reason, the denial •of expert witness fees to the plaintiff is reversed. On remand, the trial court will be required to determine what portion of the expert witness fees is properly assignable to the quantum meruit award and the reasonableness of those fees.
For the foregoing reasons, the orders under review are reversed with directions.