# ATHANS, etc. v JAMES HARDWARE, INC., et al.

## Case No. MS-90-10167-RF

County Court, Palm Beach County

August 17, 1990

### APPEARANCES OF COUNSEL

**S. Emory Rogers, Esquire,** Brackett, Cook, Sned, Welch, Hewitt, D'Angio & Tucker, P.A.

**Rogert K. Kogan, Esquire.**

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### *FINAL JUDGMENT*

This case came before the Court for non-jury trial July 31, 1990. The facts were not in dispute.

Plaintiff is the landlord and the corporate Defendant is a tenant in a

commercial shopping plaza. The individual Defendant is a guarantor on the tenant's lease with Plaintiff. Article 23 of the lease provides that the tenant is responsible for a proportionate share of real property taxes where the assessment in a year exceeds a certain amount. The tenant is given 30 days to pay the excess taxes after the submission of a photocopy of a tax bill by the landlord. The lease is silent concerning the obligation of the landlord to appeal a tax assessment. Similarly, the lease contains no provisions concerning the allocation of expenses in the event of an appeal.

In 1989 real estate taxes on the shopping center increased by $52,547.20 or 40% over the previous year's assessment of $131,354.58. On December 1, 1989, Plaintiff notified Defendants of the 1989 assessment and requested that Defendants pay their share of the taxes, $9,785.62. While Plaintiff's request for payment was outstanding, Plaintiff retained a firm to appeal the tax assessment. Defendant knew that an appeal was being prosecuted and remained silent. The appeal was successful, resulting in a $41,142.06 reduction in the 1989 tax assessment. Plaintiff did not give the tenants the benefit of the full reduction. Plaintiff offset the reduction with $21,316.03 in legal and accounting expenses incurred in prosecuting the tax appeal. Defendants object to paying their proportionate share of these expenses.

The lease between the parties is an express contract. The fact that an express contract has been made does not prevent the parties from making another one tacitly, concerning related subject matter. *Moylan v Estes,* 102 So.2d 855 (Fla. 3d DCA 1958). In this case, Plaintiff rendered a service to Defendants by prosecuting the tax appeal. Defendants knowingly and voluntarily accepted the service. Further, Defendants directly benefited from Plaintiff's actions by a reduction in the tax bill for which they otherwise would have been responsible. Under these circumstances, the law implies a contract that Defendants will be responsible for those expenses incurred in securing the benefit they received. *E.G., Atlas Swimming Pools, Inc. v The Fountains of Palm Beaches,* 18 Fla. Supp.2d 11 (Palm Beach County Ct. 1986). Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff, NICHOLAS D. ATHANS d/b/a BOYNTON PLAZA, recovers from Defendants, JAMES HARDWARD, INC., and ROBERT JAMES, $1,423.85 in principal, $48.67 in prejudgment interest since May 4, 1990 and $68.00 in court costs, for which let execution issue, with interest at 12% per annum. The Court reserves jurisdiction to assess attorney's fees.

DONE AND ORDERED in West Palm Beach, Florida, this 17th day of August, 1990.