HARRIS, J.,
dissenting.
I respectfully dissent.
In my view, the issue of implied contract was tried by consent. As indicated in the majority opinion, in opening statement ap-pellee explained that a construction lien can be based on either an express contract or an implied agreement. Further, appel-lee stated that the facts of the case would show at least an implied agreement to support the construction lien. This indicates that appellee intended to support its construction lien case on either or both express and implied contract theories from the beginning. Appellants were not sandbagged into having this issue tried because they did not know to object to certain testimony. They were told up front that the alternative theories would be tried and they consented thereto by not objecting.
The uncontested facts showed that the pump had to be replaced. Appellee gave an estimate for the repairs and was directed to proceed. Here, appellee indicates that appellants said, “Go ahead, I have no choice.” Appellants, on the other hand, maintain that they told appellee to correct the problem at its own expense because its people caused the problem. Clearly, therefore, the work was authorized. And although appellants testified that appellee was advised that appellants would not pay for the work because appellee’s employee caused the problem, appellants did not challenge appellee’s estimate. Appellants’ testimony indicates that if it was determined that appellee’s employee did not cause the problem, appellee would be entitled to the amount quoted as a condition for doing the work. The trial court found an implied contract, rejecting the contention that the problem was caused by appel-lee’s employee. Although separate evidence of the value of the work performed was not offered at trial, the trial court considered the failed express contract as evidence of the value of the services performed. This was appropriate. See Quayside Associates, Ltd. v. Triefler, 506 So.2d 6 (Fla. 3d DCA 1987).
I find CDS and Associates of Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223 (Fla. 4th DCA 1999), inapplicable to this case. In that case, the court found that there was no contract between the parties, expressed or *594 implied, and held that plaintiffs claim could only be based on quantum meruit, a quasi-contract based on law and not an agreement, which was insufficient to sustain a construction lien under the statute. The court was careful to distinguish its ease from one in which the owner is a party to the contract for improvement or had knowledge of the transaction on which liability was sought to be affixed. The court recognized that a contract “that is inferred in whole or in part from the parties’ conduct, not solely from their words” is subject to enforcement in a lien situation.
Here, there was evidence of such a contract and I would affirm the trial court.