# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-857
Lower Tribunal No. 16-178 SP
_____

**Progressive American Insurance Company**,
Appellant,

vs.

**Chiropractic Clinics of South Florida, PL,
a/a/o Edward Hall,**
Appellee.



An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Banker Lopez Gassler P.A., and DeeAnn J. McLemore (St. Petersburg), for appellant.

George A. David, P.A., and George A. David, for appellee.


Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

Progressive American Insurance Company ("Progressive") appeals an order denying its motion for entitlement to attorney's fees and denying its costs. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no abuse of discretion in the trial court's denial of attorney's fees, we affirm that portion of the trial court's order without further discussion. We reverse the portion of the trial court's order denying costs pursuant to section 57.041, Florida Statutes.

Progressive contends the trial court erred in denying its motion to tax costs pursuant to section 57.041. "[W]hether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." Sherman v. Sherman, 279 So. 3d 188, 190 (Fla. 4th DCA 2019) (quoting City of Boca Raton v. Basso, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018)). Section 57.041(1), Florida Statutes, provides in pertinent part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." § 57.041(1), Fla. Stat. "The statute expressly demands that the *party recovering judgment* be awarded costs." Hendry Tractor Co. v. Fernandez, 432 So. 2d 1315, 1316 (Fla. 1983). "This unambiguous language need not be construed." Id.

In this case, it is undisputed that Progressive was the party recovering judgment. According to the plain language of the statute, we find that costs

had to be awarded to Progressive.  See Tacher v. Mathews, 845 So. 2d 332, 334 (Fla. 3d DCA 2003) ("Section 57.041 mandates that a party recovering a judgment is entitled, as a matter of right, to recover lawful court costs.  The award of these costs is not discretionary."); Roberts v. Third Palm, LLC, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020) ("Where costs are sought based on section 57.041(1), a trial court has no discretion to deny the party obtaining judgment its lawful costs."); Weitzer Oak Park Est., Ltd. v. Petto, 573 So. 2d 990, 991 (Fla. 3d DCA 1991) ("Under section 57.041, Florida Statutes, every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment."); Digiacomo v. Kogan & Disalvo, P.A., 317 So. 3d 1163, 1164 (Fla. 4th DCA 2021) ("As summary judgment was ultimately entered in Defendants' favor below, they are entitled to costs under section 57.041 as a matter of law.") (footnote omitted).

Affirmed in part; reversed in part and remanded with directions to award taxable costs to Progressive.