# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3865
Lower Tribunal No. 2017CA-001942-0000-00

_____

H & S INVESTMENT GROUP OF CENTRAL FLORIDA, LLC,

Appellant/Cross-Appellee,

v.

LENARD S. SPIKER a/k/a STEVE SPIKER, DAVID SPIKER, and PAMELA J. SPIKER,

Appellees/Cross-Appellants,

and

IMPERIAL PAVING, LLC and AAA TOP QUALITY ASPHALT HOLDINGS, LLC f/k/a AAA TOP QUALITY ASPHALT, LLC,

Appellees.

_____

Appeal from the Circuit Court for Polk County.
Wayne M. Durden, Judge.

April 2, 2026

BROWNLEE, J.

The parties to this case appeal and cross-appeal the trial court's order denying their respective motions for attorney's fees and costs entered after a non-jury trial. We find the trial court erred only in denying H&S Investment Group of Central Florida, LLC's motion for costs and reverse on that basis. In doing so, we certify

conflict with the Fifth District's decision in *Granoff v. Seidle*, 915 So. 2d 674 (Fla. 5th DCA 2005). As to all other issues, we affirm.

## Relevant Factual Background

H&S entered into an asset purchase agreement with Appellees Lenard S. Spiker, David Spiker, Pamela J. Spiker, and Imperial Paving, LLC for the purchase of the assets of AAA Top Quality Asphalt, LLC. At the time, the Spikers were the principals of Quality Asphalt. The asset purchase agreement incorporated the terms of a $2 million promissory note, which required H&S to make monthly payments to Quality Asphalt of $10,000.00. In addition, the agreement contained a non-compete provision and a restrictive covenant, prohibiting the Spikers from conducting competing business within 120 miles of Lakeland, Florida, for 60 months. It also contained a prevailing party attorney's fees provision, applicable to any action or litigation to enforce or interpret a provision of the agreement.

H&S eventually sued the Spikers. It alleged they violated the non-compete provision, misrepresented the condition of the paving equipment they sold H&S, and claimed to have transferred equipment to H&S that, in fact, "did not exist at all." H&S pled claims for injunction, breach of express warranty, and breach of contract. The Spikers then sued H&S in a separate case, alleging H&S breached the asset purchase agreement by failing to pay the full purchase price for the company and

equipment. The trial court eventually consolidated the actions and treated the Spikers' claim as a counterclaim.

Because H&S had not yet paid the full amount due under the promissory note, and because it believed the damages it sought exceeded that amount, H&S moved to deposit the monthly payments into the court registry until the litigation concluded. The trial court granted that motion, and H&S paid all remaining monthly payments owed under the agreement into the court registry.

The parties eventually proceeded to a non-jury trial, after which the trial court entered a final judgment and later an amended final judgment. The trial court found the Spikers violated the non-compete provision and restrictive covenant and awarded H&S $4,166.66 in damages for the violation. But it denied H&S's request for an injunction because "almost 7 years of time had elapsed since the 5 year non-compete went into effect and almost 5 years had elapsed since any alleged breach." The trial court then found certain pieces of equipment the Spikers sold H&S were indeed inoperable, and that other items were operable but required repairs. The trial court ultimately awarded H&S $117,000.00 in damages for the inoperable equipment.

As for the counterclaim, the trial court found H&S did not breach the asset purchase agreement, having "dutifully" made its payments into the court registry under court order, and that the Spikers therefore did not prevail on their counterclaim. Thus, the trial court concluded, the Spikers were entitled to the

$257,000 balance of the full purchase price in the court registry less the $121,166.66 they owed H&S in damages.

Both H&S and the Spikers later moved for attorney's fees and costs. After a hearing on entitlement only, the trial court denied both motions. In its order, the trial court applied the prevailing party standard and first outlined what it deemed the significant issues in the litigation. It then found both parties prevailed on these issues and therefore neither party was entitled to fees:

> The Spikers prevailed on the issue of injunctive relief, the only count in the initial Complaint. While this Court found that the Spikers breached the non-compete, H&S asked at trial for $1,416,750.00, plus interest, but was awarded only $4,166.66. While this Court found that the Spikers failed to deliver some of the equipment sold, the Court found for the Spikers on the remaining equipment. Accordingly H&S asked for $259,595.87, plus interest, but was awarded only $117,000. Pursuant to its Counterclaim, the Court found the Spikers were entitled to the full amount of the remaining $257,000 purchase price despite H&S' defense that the Spikers materially breached the contract. H&S cannot both seek to enforce the provisions of the contract and at the same time disavow its obligation to pay the purchase price. Accordingly the Spikers were entitled to the full disputed amount paid into the registry of the Court, less the sums awarded to H&S, $121,166.66 resulting in a net award for the Spikers of $135,833.34. Where a party has partial or limited success no fee award is appropriate for that party. Because the Spikers and H&S both prevailed on some, but not all of the significant issues, neither party is entitled to attorney's fees.

The trial court did not expressly address either motion for costs.

H&S appealed the trial court's finding on entitlement, and the Spikers cross appealed. Each side argues it was entitled to fees as the prevailing party. The Spikers further argue that, even if this Court determines their side is not the prevailing party,

4

H&S is still not entitled to fees because, "[w]here both parties win on certain issues or where they battle to a draw, fees will not be awarded." We decline to disturb the trial court's ruling on either side's motion for attorney's fees and affirm as to that issue in both appeals.

Next, the parties challenge the denial of their respective motions for costs. For its part, H&S argues it was entitled to costs regardless of whether it was also entitled to an award of attorney's fees, because "the standard for entitlement to costs differs from the 'prevailing party' question that is involved in the decision [of] whether to award fees." Rather than determining whether one party prevailed on the significant issues in the litigation, H&S argues, the question when determining entitlement to costs is "whether the demanding party *obtained a judgment*," which it did.

The Spikers counter that there is a "substantial" number of Florida cases holding that the attorney's fees "prevailing party" test also applies to the determination of entitlement to costs. It further argues that, even if this Court declines to apply the prevailing party standard, H&S still is not entitled to costs because the Spikers were not the "losing party."

We now affirm the denial of the Spikers' motion for costs, but reverse the denial of H&S's motion, because H&S was the party that recovered judgment.

**<u>Analysis</u>**

"[W]hether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *Porath v. Nugent*, 408 So. 3d 783, 784 (Fla. 4th DCA 2025) (citation omitted). Entitlement to costs is governed by section 57.041(1), Florida Statutes (2023), which mandates that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment . . . ." § 57.041(1), Fla. Stat. This language is mandatory and affords the trial court no discretion to deny costs to a party recovering judgment. *See Progressive Am. Ins. Co. v. Chiropractic Clinics of S. Fla., PL*, 387 So. 3d 1262, 1263 (Fla. 3d DCA 2024) (citing collected cases). Indeed, the Florida Supreme Court explained the "statute expressly demands that the *party recovering judgment* be awarded costs" and that "[t]his unambiguous language need not be construed." *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983). As for the party recovering judgment, the court explained, "a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the 'party recovering judgment' for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs." *Id.* Importantly, the *Hendry Tractor* court deemed it irrelevant that plaintiffs did not ultimately recover the full amount they sought: "[t]he fact that [the plaintiffs'] recovery could have been more lucrative than it actually was does *not*, by any stretch of the imagination, render their ultimate

6

monetary judgment of $101,600.00 a losing proposition." *Id.* at 1316–17 (citations omitted).

The standard for an award of costs was later made somewhat murky by the Florida Supreme Court's opinion in *Folta v. Bolton*, 493 So. 2d 440 (Fla. 1986). There, the court considered two questions the Eleventh Circuit certified concerning attorney's fees—not costs—in a medical malpractice action. *Id.* at 441. The first question addressed how to determine the prevailing party for purposes of awarding attorney's fees under section 768.56, Florida Statutes, when a plaintiff recovers judgment based on only one out of five separate and distinct claims. *Id.* at 442. The second question concerned a trial court's jurisdiction to award attorney's fees when the final judgment fails to expressly reserve jurisdiction to make such an award. *Id.* at 443.

The court's analysis of the first question is relevant here. As to that issue, Folta relied on *Hendry Tractor* and argued that, under that case and "other authority," he was the prevailing party and therefore entitled to recover all the attorney's fees he incurred throughout the litigation. In considering his argument, the court stated, "[a]lthough section 57.041 provides for costs to 'the party recovering judgment' and section 768.56 provides for 'prevailing party' attorney fees, we concede that the same principles should be applied under each provision." *Id.* The court then distinguished *Hendry Tractor* because the claims there were based on two theories

7

of liability arising out of a single set of circumstances. *Id.* at 442–43. In contrast, each claim in *Folta* constituted an independent cause of action for which a separate suit could have been maintained. *Id.* at 443. Thus, the court concluded, "[n]one of the concerns underlying [the] holding in *Hendry Tractor* are implicated in the instant case." *Id.*

In *Folta*'s wake, the Second and Fourth Districts initially applied the prevailing party standard governing attorney's fees awards to section 57.041's determination of entitlement to costs, but both courts later considered the issue en banc and receded from those opinions. *See Wolfe v. Culpepper Constructors, Inc.*, 104 So. 3d 1132, 1137 (Fla. 2d DCA 2012) (en banc) (receding from *Spring Lake Improvement Dist. v. Tyrrell*, 868 So. 2d 656 (Fla. 2d DCA 2004), which found the prevailing party was entitled to costs under section 57.041, and deciding instead to follow *Hendry Tractor*); *Sherman v. Sherman*, 279 So. 3d 188, 193 (Fla. 4th DCA 2019) (en banc) (receding from language of any prior opinion in which the court construed the "prevailing party" standard to apply to costs awarded under section 57.041(1) and holding "under section 57.041(1), costs should be awarded to the 'party recovering judgment'").

In doing so, those courts joined the First and Third Districts. *See Bessey v. Difilippo*, 951 So. 2d 992, 995 (Fla. 1st DCA 2007) (relying on *Hendry Tractor* and finding "'prevailing party' is not the statutory standard for cost awards"); *Weitzer*

*Oak Park Est., Ltd. v. Petto*, 573 So. 2d 990, 991 (Fla. 3d DCA 1991) ("[E]very party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.").

The Fifth District, however, has not been persuaded. In *Granoff v. Seidle*, it relied on *Folta* and held the prevailing party standard is used to determine entitlement to costs under section 57.041. 915 So. 2d at 677–78. It explained, "[t]his court . . . has stated that '[t]he "party recovering judgment" under section 57.041, and the "prevailing party" under section 57.105 are governed under the same principles'" and noted the "'prevailing party' is the party that prevails on the significant issues in the litigation." *Id.* at 677.

Having considered the cases above, we now align ourselves with the majority of the districts and find the language in *Folta*, asserting the party "recovering judgment" under section 57.041 should be analyzed under the same principles used to determine the "prevailing party" for an attorney's fees award, is dicta. *See Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) ("Any statement of law in a judicial opinion that is not a holding is dictum. . . . 'A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment.'" (citations omitted)). After all, in answering the Eleventh Circuit's question regarding how to determine

9

the prevailing party for purposes of awarding attorney's fees under section 768.56, it was not necessary to also address those principles that apply when determining whether a party recovered judgment for purposes of awarding costs under section 57.041. And because *Folta* did not involve an award of costs, the court's statement was not based on the facts of the case. Nor did it lead to the judgment. In fact, the court ultimately declined to rely on *Hendry Tractor*'s finding of entitlement to costs because "[n]one of the concerns underlying [the] holding in *Hendry Tractor* [were] implicated" in *Folta*. *See Folta*, 493 So. 2d at 443.

Because we find the statement in *Folta* regarding section 57.041 was dicta, we also find we are not bound by it. Rather, this case is controlled by section 57.041's plain language and *Hendry Tractor*'s holding. *See Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002) ("Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding . . . ."). Accordingly, we decline to adopt the prevailing party standard when determining entitlement to costs under section 57.041.[1]

Having taken our position among the districts, we now consider whether H&S is the party that recovered judgment. If it is, H&S is entitled to costs.

---

[1] We recognize the prevailing party will often be the same as the party recovering judgment.

10

Although H&S did not recover on its injunction count, the trial court awarded H&S $4,166.66 in damages stemming from the Spikers' violation of the non-compete provision and restrictive covenant, and $117,000.00 for the inoperable equipment. Thus, H&S recovered on "at least one but not all counts in the cause of action." *See Hendry Tractor Co.*, 432 So. 2d at 1316; *see also City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018) (finding Basso was entitled to costs as the party recovering judgment because, although she lost on her claim of false arrest, Basso prevailed on her false imprisonment claim and was awarded $32,000.00 in damages). And while H&S sought more damages than it was ultimately awarded, that "does *not,* by any stretch of the imagination, render [its] ultimate monetary judgment . . . a losing proposition." *See Hendry Tractor Co.*, 432 So. 2d at 1316–17 (citation omitted); *see also Wanda Dipaola Stephen Rinko Gen. P'ship v. Beach Terrace Ass'n*, 173 So. 3d 1014, 1016 (Fla. 2d DCA 2015) ("Although the partnership did not receive the full amount that it sought in damages, it did recover a judgment. Therefore, it is entitled to costs under section 57.041.").

Because H&S prevailed on two of its three claims against the Spikers and recovered $121,166.66 in damages, and the Spikers recovered nothing on their counterclaim, H&S is the party that recovered judgment. The trial court therefore had no discretion to deny H&S's motion for costs. Accordingly, we reverse the

Order Denying Both Parties' Entitlement to Attorney's Fees, in part, and remand for further proceedings consistent with this opinion.

Finally, we certify conflict with the Fifth District's decision in *Granoff v. Seidle*, 915 So. 2d 674 (Fla. 5th DCA 2005).

AFFIRMED in part; REVERSED in part; and REMANDED. CONFLICT CERTIFIED.

TRAVER, C.J., and GANNAM, J., concur.


Victor R. Smith, Michael E. Raiden, and Jeffrey I. Burry, of Victor Smith Law Group, P.A., Winter Haven, for Appellant/Cross-Appellee.

James C. Valenti and Samuel J. Hensel, of James C. Valenti, P.A., Lakeland, for Appellees/Cross-Appellants, Lenard S. Spiker a/k/a Steve Spiker, David Spiker, and Pamela J. Spiker.

No Appearance for Appellees, Imperial Paving, LLC and AAA Top Quality Asphalt Holdings, LLC f/k/a AAA Top Quality Asphalt, LLC.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED