DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF BOCA RATON,**
Appellant,

v.

**CLAIRE L. BASSO,**
Appellee.

Nos. 4D17-976 and 4D17-1465

[April 4, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey D. Gillen, Judge; L.T. Case No. 2014CA005849XXXXMB.

Anne K. Reilly and Matthew H. Mandel of Weiss Serota Helfman Cole & Bierman, P.L., Fort Lauderdale, for appellant.

Adam M. Balkan of Balkan & Patterson, LLP, Boca Raton, for appellee.

KLINGENSMITH, J.

After Claire Basso was arrested for driving under the influence ("DUI"), she filed a lawsuit against the City of Boca Raton ("the City") for false arrest and false imprisonment. She prevailed on the false imprisonment claim, and was awarded $32,000 in damages. Although she obtained this judgment against the City, the trial court nevertheless ordered Basso to pay $6,117.04 in court costs to the City. We affirm the trial court's $32,000 final judgment entered against the City, but reverse the court's final judgment on costs, and remand for the trial court to award Basso all of her taxable costs incurred in this case.

On the night of September 12, 2013, Basso was pulled over for an expired license tag. As the officer approached her vehicle, he saw a half-empty wine bottle, two unopened beer cans, and smelled alcohol on Basso's breath. After Basso underperformed on the roadside sobriety exercises, she was arrested for driving under the influence of alcohol.

Basso was transported to the Boca Raton Police Department just after midnight, where she was given a breathalyzer test that registered .000.

Although the officer admitted he had "no proof" that she was under the influence of any drugs and she appeared "lucid" while answering questions, Basso was not released from police custody until approximately 10:00 a.m. that morning.[1]

Basso initially sued the City for false arrest, but later amended her complaint to add a false imprisonment claim. After three days of trial, the jury found that while the City had probable cause for initially arresting Basso, it did not have probable cause for her continued restraint. In other words, the City prevailed on the false arrest claim, but Basso prevailed on the false imprisonment claim. The jury awarded her $32,000 in damages.

Thereafter, the City filed a motion for a judgment notwithstanding the verdict ("JNOV"), and argued Basso did not present sufficient evidence to support the jury's finding that probable cause "evaporated" between her initial arrest and her continued detention. This motion was denied and the court entered final judgment in Basso's favor.

Both parties then filed post-trial motions for costs. The City alleged it was entitled to costs because it prevailed on the false arrest claim. Basso, on the other hand, contended that she was entitled to costs because she was awarded $32,000 after prevailing on the false imprisonment claim.

The trial court ordered, "[The City] is entitled to recover its claimed costs in their entirety on the false-arrest count and [Basso] is entitled to recover her claimed costs in their entirety on the false-imprisonment count." In pertinent part, the final judgment on costs provided:

> 1. Per the Court's Order on May 11, 2017, [Basso] is entitled to $2,494.83, which are her costs incurred in her claim for false imprisonment (Count II).
>
> 2. Per the Court's Order on May 11, 2017, [the City] is entitled to $8,611.87, which are its costs incurred in defense of [Basso]'s claim for false arrest (Count I).

---

[1] While the arresting officer testified that the police department required the detention of all DUI arrestees for at least eight hours after they were arrested, we need not determine for the purpose of deciding this case whether such a policy is contrary to Florida law. *See* § 316.193(9)(b), Fla. Stat. (2016) (holding that a suspect arrested for DUI may be released from custody once "the person's blood-alcohol level or breath-alcohol level is less than 0.05").

3. Therefore, a net cost final judgment is entered in favor of [the City] and against [Basso] in the amount of $6,117.04, for which let execution be stayed pending the appeal.

This appeal followed.

## Denial of the City's Motion for JNOV

"A trial court's ruling on a motion for JNOV is reviewed de novo." *Kogan v. Israel*, 211 So. 3d 101, 106 (Fla. 4th DCA 2017). "A JNOV is appropriate only in situations where there is no evidence upon which a jury could rely in finding for the non-movant. A jury verdict must be sustained if it is supported by competent substantial evidence." *Hancock v. Schorr*, 941 So. 2d 409, 412 (Fla. 4th DCA 2006) (internal citation omitted).

To prevail on a false imprisonment claim, the plaintiff must establish four elements: "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006).

"False arrest and false imprisonment are closely related, but false imprisonment is a broader common law tort; false arrest is only one of several methods of committing false imprisonment." *Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010). "Indeed, a person improperly detained pursuant to a lawful arrest may have the right to bring an action for false imprisonment." *Id.*

Here, the City argues that the trial court erred by denying its motion for JNOV because there was probable cause for the initial arrest and Basso failed to present sufficient evidence showing that this probable cause evaporated at some point while she was in custody. We disagree.

Basso's breathalyzer test showed a .000 reading. The officer admitted that Basso appeared lucid while answering questions at the police station. Although he arrested her for driving under the influence of alcohol, he testified he had no proof that she was under the influence of other substances.

Even though there may have been probable cause for the initial arrest, the issue of whether it was unreasonable and unwarranted to continue to detain Basso after the breathalyzer test was within the province of the trier of fact. *See Mathis*, 24 So. 3d at 1290 (holding that after the plaintiff was

3

arrested for DUI and sued the city for false arrest, the trial court erred by not allowing the plaintiff to amend her complaint to add false imprisonment as a claim because "[a]lthough probable cause existed at the time [the plaintiff] was arrested at the scene, she may be able to demonstrate that probable cause evaporated at some point after she was transported to CBT and jailed").

Therefore, we affirm the trial court's final judgment of $32,000 entered in favor of Basso.

## Basso's Entitlement to Costs

"An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *Winn–Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 730 (Fla. 1st DCA 2007) (internal citation omitted).

Section 57.041(1), Florida Statutes (2016), provides that "[t]he party *recovering judgment* shall recover all his or her legal costs and charges which shall be included in the judgment." (Emphasis added). "The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed." *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983); *see also Weitzer Oak Park Estate, Ltd. v. Petto*, 573 So. 2d 990, 991 (Fla. 3d DCA 1991) (stating that "every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment").

Here, Basso is entitled to all of her court costs because she recovered a $32,000 judgment against the City. *See Hendry Tractor Co.*, 432 So. 2d at 1316 (holding that "a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the 'party recovering judgment' for purposes of section 57.041(1), Florida Statutes (1979), and therefore is entitled to recover costs")*; see also Wanda Dipaola Stephen Rinko Gen. P'ship v. Beach Terrace Ass'n, Inc.*, 173 So. 3d 1014, 1016 (Fla. 2d DCA 2015); *Bessey v. Difilippo*, 951 So. 2d 992, 997 (Fla. 1st DCA 2007).

The trial court erred by holding that Basso must pay the City $6,117.04 in court costs. We reverse that cost judgment and remand for the trial court to award Basso the taxable costs she incurred in this case.

*Affirmed in part, reversed in part, and remanded.*

WARNER and CIKLIN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***