DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INSPIRED PRODUCTS GROUP, LLC,** d/b/a **KIDSEMBRACE, LLC,**
Appellant,

v.

**INSPIRED DEVELOPMENT GROUP, LLC,**
Appellee.

No. 4D20-2326

[November 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2017-CA-004490-XXXX-MB.

David M. Stahl, James A. Gale and Samuel Edelstein of Cozen O'Connor, Miami, for appellant.

Joseph T. Eagleton, Steven L. Brannock and Torri D. Macarages of Brannock Humphries & Berman, Tampa, and Evan H. Frederick and William B. Lewis of Morgan & Morgan, West Palm Beach, for appellee.

CONNER, C.J.

Appellant, Inspired Products Group, LLC, d/b/a KidsEmbrace, LLC ("KidsEmbrace") appeals the trial court's order denying its motion for attorney's fees and costs, following its recovery of summary judgment below. KidsEmbrace raises two arguments on appeal, contending that it was entitled to: (1) attorney's fees and costs where its proposal for settlement was not accepted, and (2) taxable costs pursuant to section 57.041(1), Florida Statutes (2020). We agree with both arguments and reverse and remand for further proceedings.

### *Background*

Inspired Development Group, LLC ("IDG") filed a five-count complaint against KidsEmbrace. After moving for summary judgment but prior to the hearing on the motion, KidsEmbrace served IDG with its proposal for settlement to resolve all claims for damages that could be awarded to IDG in a final judgment. The matter proceeded to a hearing on KidsEmbrace's

summary judgment motion, wherein the trial court took the matter under advisement.

The trial court later granted summary judgment in KidsEmbrace's favor on four of five counts, leaving one count remaining. Notably, IDG's thirty-day window for accepting KidsEmbrace's proposal for settlement expired the same day on which the trial court issued the summary judgment ruling. However, IDG did not accept the proposal. Instead, shortly after the summary judgment ruling, IDG voluntarily dismissed without prejudice its sole remaining count.

Following the voluntary dismissal of the final remaining count and the subsequent entry of final judgment in its favor, KidsEmbrace moved for attorney's fees and costs pursuant to its proposal for settlement under section 768.79, Florida Statutes (2020), and for costs pursuant to section 57.041, Florida Statutes (2020), as the party recovering judgment.

In opposing KidsEmbrace's motion for attorney's fees, IDG argued that the trial court's order granting summary judgment on four of five counts in KidsEmbrace's favor was entered during IDG's thirty-day window of acceptance, thus terminating KidsEmbrace's proposal for settlement and precluding the enforcement of the proposal for settlement as a basis for entitlement to attorney's fees.

However, KidsEmbrace asserted that because the court's summary judgment order did not dispose of all of IDG's causes of action, it was not a final judgment. Therefore, IDG could have accepted the proposal for settlement even after service of the court's summary judgment order but chose not to, entitling KidsEmbrace to attorney's fees and costs pursuant to the rejected proposal for settlement. In short, KidsEmbrace contended that IDG had the full thirty-day period to accept the proposal.

As to costs pursuant to section 57.041, IDG conceded that KidsEmbrace, as the prevailing party, was entitled to such with respect to the four counts but challenged KidsEmbrace's entitlement to prevailing party costs beyond the uniform guidelines.

The matter proceeded to a hearing, after which the trial court denied KidsEmbrace's motion for attorney's fees and costs. KidsEmbrace gave notice of appeal.

<u>*Appellate Analysis*</u>

KidsEmbrace seeks reversal of the denial of its motion for attorney's fees and costs, arguing it was entitled to: (1) attorney's fees and costs where its proposal for settlement was not accepted; and (2) taxable costs pursuant to section 57.041(1), as the prevailing party. Each argument will be discussed in turn.

*Proposal for Settlement*

A trial court's ruling declining to enforce a proposal for settlement is reviewed de novo. *Kiefer v. Sunset Beach Invs., LLC*, 207 So. 3d 1008, 1010 (Fla. 4th DCA 2017).

Section 768.79(1) provides in part:

> In any civil action for damages filed in the courts of this state, *if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees* incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer *if the judgment is one of no liability* or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

§ 768.79(1), Fla. Stat. (2020) (emphasis added).

The parties do not dispute that a final judgment of no liability was entered in KidsEmbrace's favor and that IDG did not accept KidsEmbrace's proposal for settlement. The particular issue in dispute in this appeal is whether the trial court's order granting summary judgment in KidsEmbrace's favor as to four of five counts, which was entered on the last day of IDG's thirty-day window of acceptance, terminated KidsEmbrace's proposal for settlement, precluding IDG from accepting the proposal, and consequently, precluding KidsEmbrace from enforcing the proposal as a basis for attorney's fees and costs.

On appeal, KidsEmbrace maintains that the trial court's summary judgment order, although issued on the last day of IDG's acceptance window, did not prevent IDG from accepting the proposal for settlement because it only dismissed four of five counts, leaving one of IDG's counts remaining. Therefore, KidsEmbrace argues that the summary judgment

3

order was not a final determination resolving all claims, and IDG could have accepted the proposal for settlement on the remaining count until the end of the day but chose not to do so.

We agree with KidsEmbrace that the trial court's summary judgment order did not terminate IDG's thirty-day window for accepting KidsEmbrace's proposal for settlement.

We have previously observed that "[s]ummary judgment serves the same purpose as a determination after trial. It concludes the case unless there are outstanding parties *or issues*." *Kroener v. Fla. Ins. Guar. Ass'n*, 63 So. 3d 914, 919 (Fla. 4th DCA 2011) (emphasis added) (quoting *Day v. Krystal Co.*, 241 F.R.D. 474, 479 (E.D. Tenn. 2007)). While a party is precluded from accepting a pending proposal for settlement after the grant of *final* judgment, *id.* at 920, here, the trial court's summary judgment order was not a final judgment resolving all claims, as it left one remaining count. Thus, the offer could have been accepted (or withdrawn) after the ruling on the four counts.[1]

We reject IDG's argument on appeal that the trial court's summary judgment order "changed the nature of the case and affected the ability of the recipient to accept the proposal."[2]

Because IDG failed to accept KidsEmbrace's proposal for settlement, and a final judgment of no liability was ultimately entered in KidsEmbrace's favor, pursuant to section 768.79 KidsEmbrace was entitled to recover the reasonable attorney's fees and costs it incurred after the date of its proposal. *See Fla. Gas Transmission Co. v. Lauderdale Sand & Fill, Inc.*, 813 So. 2d 1013, 1014 (Fla. 4th DCA 2002) ("We have consistently held that, pursuant to this statute, once an offer of judgment has been made and rejected and a judgment of no liability has been entered, the defendant has a right to an award of attorney's fees . . . .").

---

[1] Pursuant to Florida Rule of General Practice and Judicial Administration 2.514(a)(4)(A), "the last day ends (A) for electronic filing or service by any means, at midnight." Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(4)(A). Therefore, IDG's window of acceptance would have continued through the remainder of that last day until midnight.

[2] In presenting the argument, IDG never explained how the summary judgment order "changed the nature of the case and affected the ability of the recipient to accept the proposal."

We therefore reverse the trial court's denial of KidsEmbrace's motion for attorney's fees and costs.

*Taxable Costs Pursuant to Section 57.041(1), Florida Statutes*

KidsEmbrace also seeks reversal of the trial court's decision denying its entitlement to taxable costs pursuant section 57.041(1), as the party recovering judgment.

"An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018) (quoting *Winn–Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 730 (Fla. 1st DCA 2007)).

Under section 57.041(1), "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." § 57.041(1), Fla. Stat. "The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed." *Basso*, 242 So. 3d at 1144 (quoting *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983)). Where KidsEmbrace was the party recovering judgment in this action, it is entitled to costs pursuant to section 57.041(1). Because the amount of costs claimed are in dispute, we remand for the trial court to determine the amount of taxable costs due.

*Reversed and remanded for further proceedings.*

FORST and KUNTZ, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**