# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JOHN PORATH** and **SANDRA PORATH,**
Appellants/Cross-Appellees,

v.

**GINA NUGENT,**
Appellee/Cross-Appellant.

No. 4D2023-2468

[April 9, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephanie F. Tew, Judge; L.T. Case No. 502020CC001571.

Aleida M. Mielke of Segal McCambridge Singer & Mahoney, Ltd., Fort Lauderdale, for appellants/cross-appellees.

Samuel Alexander and Misti Barnett of Alexander Appellate Law P.A., DeLand, for appellee/cross-appellant.

KLINGENSMITH, C.J.

John and Sandra Porath ("Tenants") appeal and Gina Nugent ("Landlord") cross-appeals the trial court's order denying all parties entitlement to attorney's fees and costs. Although the parties raise several points on appeal and cross-appeal, we affirm on all issues without comment except for one—whether the trial court erred in denying Landlord entitlement to costs under section 57.041, Florida Statutes (2022). On that issue, we reverse.

Tenants had an agreement with Landlord to lease residential property. After Tenants moved out of the property, Landlord filed a six-count complaint against Tenants. The trial court entered summary judgment in Tenants' favor on four counts. The parties proceeded to a jury trial on the remaining two counts alleging a violation of section 83.52, Florida Statutes (2019), and defamation per se. The jury found Tenants not liable for defamation but liable for damages to Landlord's property under section 83.52. The final judgment provided that Landlord shall recover $1,400.00 and interest from Tenants.

Tenants moved for attorney's fees and costs incurred in defense of the counts on which they prevailed both at summary judgment and at trial based on their proposals for settlement and the lease agreement. Landlord moved for attorney's fees and costs as the prevailing party who had recovered judgment and requested entitlement to both fees and costs. Although the trial court initially entered an order granting Landlord entitlement to attorney's fees and costs, a successor judge later vacated that order and denied both parties' motions for entitlement to fees and costs, including costs under section 57.041(1), Florida Statutes (2022).

"An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *Sherman v. Sherman*, 279 So. 3d 188, 190 (Fla. 4th DCA 2019) (en banc) (quoting *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018)).

Section 57.041(1) provides in pertinent part: "(1) The *party recovering judgment shall recover* all his or her legal costs and charges which shall be included in the judgment; . . . ." § 57.041(1), Fla. Stat. (2022) (emphasis added). "The statute expressly demands that *the party recovering judgment* be awarded costs. This unambiguous language need not be construed." *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983).

"Where costs are sought based on section 57.041(1), a trial court has no discretion to deny the party obtaining judgment its lawful costs." *Roberts v. Third Palm, LLC*, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020) (citing *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 356 (Fla. 4th DCA 2011)). Section 57.041 awards costs to the "party recovering judgment"—as opposed to the "prevailing party." *See Sherman*, 279 So. 3d at 193 (receding en banc from conflicting language in prior opinions construing section 57.041 under a "prevailing party" standard and finding costs should be awarded to the "party recovering judgment"); *Wanda Dipaola Stephen Rinko Gen. P'ship v. Beach Terrace, Ass'n, Inc.*, 173 So. 3d 1014, 1015–16 (Fla. 2d DCA 2015) (reversing and remanding for correct application of section 57.041 where trial court erred in awarding costs to the prevailing party). A party who recovers a money judgment on at least one, but not all counts in the cause of action is the party recovering judgment for purposes of section 57.041(1). *See Basso*, 242 So. 3d at 1142, 1144 (reversing and remanding for the trial court to award only plaintiff taxable costs incurred because, although plaintiff prevailed on one count and the city prevailed on the second count, only

2

plaintiff recovered a money judgment from the jury against the city); *Hendry*, 432 So. 2d at 1316 (holding "a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the 'party recovering judgment' for purposes of section 57.041(1)").

The final judgment stated Landlord "shall recover from [Tenants] . . . jointly, the sum of One Thousand and Four Hundred (1,400) Dollars and that shall bear interest" and reserved jurisdiction over attorney fees and costs. Landlord is the only party recovering judgment in this case. Therefore, the trial court did not have discretion to deny Landlord her lawful costs. *See Roberts*, 300 So. 3d at 1217; *Basso*, 242 So. 3d at 1144; *Hendry*, 432 So. 2d at 1316. Although we affirm the denial of attorney's fees to both parties as well as the denial of Tenants' entitlement to costs, we reverse that portion of the order denying Landlord's motion for costs and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

WARNER and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3