DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NE 32ND STREET, LLC,**
Appellant,

v.

**STATE OF FLORIDA BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST FUND,** and
**FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION.**
Appellees.

No. 4D2024-1298

[January 7, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr., Judge; L.T. Case No. 50-2016-CA-003800.

Michael H. Nullman and Terry E. Resk of Nason, Yeager, Gerson, Harris & Fumero, P.A., Palm Beach Gardens, for appellant.

James Uthmeier, Attorney General, and Timothy L. Newhall, Special Counsel, Tallahassee, for appellees.

CONNER, J.

The appellant, NE 32nd Street, LLC ("NE 32nd Street"), appeals the order denying its motion for fees and costs, asserting four grounds for reversal. As to the first, third, and fourth grounds, we affirm the trial court without discussion. As to the second ground, concerning only NE 32nd Street's costs, the appellee, Board of Trustees of the Internal Improvement Trust Fund ("the Board"), concedes error, with which we agree. Thus, we reverse the denial of costs.

*Background*

NE 32nd Street filed suit to quiet title to four parcels of land partially or completely submerged by a navigable waterway, which at the time of statehood was known as the Boca Ratones Lagoon, but now known as a part of Florida's Intracoastal Waterway. The suit referred to the four parcels as Parcels 1, 2, and 3 of "Sawyer Property Lands," and "NE 32nd

Street Property Described in [Official Record Book] 31058, pg 1357." The quiet title action was filed against multiple parties who arguably had a claim of ownership or property interest. The Board was not initially a defendant in the quiet title action. Subsequently, the Board was added to the litigation and asserted sovereignty land claims as to all or certain portions of the parcels.

Eventually, summary judgment was granted in NE 32nd Street's favor, quieting title as to Parcel 1 but denying title as to the other three parcels. After summary judgment was entered as to Parcel 1, NE 32nd Street filed a voluntary dismissal as to the other counts involving the three other parcels. As the prevailing party to the final judgment regarding Parcel 1, NE 32nd Street filed an attorneys' fee and costs motion on various grounds, including section 57.041, Florida Statutes (2021).

After a hearing on the fees and costs motion, the trial court denied the motion in its entirety. Upon denial of the motion for rehearing, NE 32nd Street gave notice of appeal.

*Appellate Analysis*

NE 32nd Street argues the trial court erred in failing to consider or award costs to NE 32nd Street as the judgment holder and prevailing party, despite the Board having agreed at the hearing below that NE 32nd Street was so entitled.

The Board agrees it had stipulated below, and now concedes on appeal, that NE 32nd Street is entitled to recover taxable costs because NE 32nd Street had obtained a judgment quieting title to Parcel 1. However, the Board argues that NE 32nd Street "is only entitled to recover taxable costs related to Parcel 1 between the filing of the Third Amended Complaint in August 2020, when the claim for Parcel 1 was first added, and June 28, 2021, when the judgment quieting title to Parcel 1 was entered."

"An appellate court reviews whether a trial court's award of costs is excessive for an abuse of discretion; however, whether a cost requested may be awarded, at all, is a question of law to be reviewed de novo." *Sherman v. Sherman*, 279 So. 3d 188, 190 (Fla. 4th DCA 2019) (en banc) (quoting *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018)).

Section 57.041, Florida Statutes (2021), provides: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment[.]" We have previously held awarding costs

under section 57.041 is mandatory. *Sherman*, 279 So. 3d at 191–93; *accord Tower Hill Signature Ins. Co. v. Kushch*, 335 So. 3d 743, 753 (Fla. 4th DCA 2022). Thus, the trial court erred in denying costs to NE 32nd Street as the judgment holder quieting title for Parcel 1. We decline to limit the costs award, as argued by the Board, to those costs incurred between the filing of the Third Amended Complaint and the entry of the summary judgment quieting title to Parcel 1, as the trial court has not ruled on this matter. *See Stark v. State Farm Fla. Ins. Co.*, 95 So. 3d 285, 289 n.4 (Fla. 4th DCA 2012) ("An appellate court 'should not ordinarily decide issues not ruled on by the trial court in the first instance.'" (quoting *Akers v. City of Miami Beach*, 745 So. 2d 532, 532 (Fla. 3d DCA 1999))).

*Conclusion*

We affirm without discussion the trial court's rulings contested on appeal by NE 32nd Street, except for the trial court's denial of costs incurred in obtaining the judgment for NE 32nd Street as to Parcel 1. We remand the case to the trial court for further proceedings to determine the appropriate costs.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***

3