DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHANIE SACKETT,**
Appellant,

v.

**DAVID TUBERO** and **PAULA TUBERO,**
Appellees.

No. 4D2025-1712

[June 3, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Debra Ann Moses Stephens, Judge; L.T. Case No. 502022CC012475XXXXNB.

Lisa M. Boswell of Lisa M. Boswell, P.A., Wellington, for appellant.

No appearance for appellees.

MAY, J.

A landlord appeals an attorney's fees and costs order following a landlord/tenant action, in which she prevailed. She argues the trial court erred in reducing the attorneys' fees and taxable costs requested. We agree in part and reverse.

- *The Facts*

The landlord filed a breach of contract action against the tenants. The landlord alleged the tenants damaged the rental property during their occupancy and the damage exceeded the tenants' deposit. The landlord secured a judgment against the tenants for $10,189.08, and $550 in court costs, totaling $10,739.08.

The landlord then moved for attorney's fees, costs, and interest ("fee motion") for the two attorneys who represented her. The landlord's attorneys requested $7,455 in fees ($350.00/hour) for attorney Boswell's representation and $12,918.75 in fees ($375/hour) for attorney Clamens's

representation.[1]  The motion included a request for taxable costs of $2,148 for attorney Boswell and $2,780.34 for attorney Clamens.

The trial court heard argument on the fee motion and entered a final judgment, which was later amended but reflected the same amounts.  The landlord moved for rehearing to ascertain whether the Amended Final Judgment included the trial court's ruling on the fee motion.

The trial court then issued an order on the fee motion.  The order reduced both attorneys' rates to $325/hour based on the court's determination that their online Florida Bar profiles did not reflect their experience in landlord-tenant law.  The order awarded $3,412.50 in attorney's fees; specifically, 6.0 hours ($1,950.00) to attorney Boswell and 4.5 hours ($1,462.50) to attorney Clamens.  The order also awarded $1,375.00 in costs (for filing fees, service, court reporting, and transcript costs).[2]  The trial court denied the motion for rehearing in the same order.

From the orders on the fee motion and the motion for rehearing, the landlord now appeals.

- ***The Analysis***

The landlord challenges the trial court's reduction in the attorneys' hourly rates and time spent based upon the trial court's finding of lack of experience and unreasonable billing tasks.  The landlord argues the trial court's reduction in both hourly rates was arbitrary because it was based solely on the trial court's independent review of each attorney's Florida Bar profile.

The trial court also reduced attorney Clamens's time to 4.5 hours from the requested 34.45 hours and attorney Boswell's time to 6.0 hours from the requested 21.3 hours based on the court's determination that much of the work performed could have been done by paralegals or legal secretaries.  The court specifically identified certain time entries, advised that it was not going to go through each one, and provided other entry

---

[1] Each attorney represented the landlord at different times.  Attorney Boswell represented the landlord for the trial from December 2023 forward and attorney Clamens represented the landlord pretrial from July 2022 to December 2023.

[2] The initial final judgment included $550 in court costs for filing fees and service. The fee order awarded an additional $825 for court reporting and transcription services, for a total of $1,375.

dates where the court found too much time had been spent or the work could have been performed by a paralegal or secretary.

We review attorney's fees orders for an abuse of discretion. To the extent a trial court's decision is based on an issue of law, we have *de novo* review. *See Nader + Museu I, LLLP v. Miami Dade Coll.*, 307 So. 3d 140, 141 (Fla. 3d DCA 2020) (quoting *Wells v. Halmac Dev., Inc.*, 189 So. 3d 1015, 1019 (Fla. 3d DCA 2016)).

In seeking fees, the landlord relied on section 83.48, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.525. Section 83.48 provides:

> In any civil action brought to enforce the provisions of the rental agreement or this part, the party in whose favor a judgment or decree has been rendered **may recover reasonable attorney fees and court costs** from the nonprevailing party. The right to attorney fees in this section may not be waived in a lease agreement. However, attorney fees may not be awarded under this section in a claim for personal injury damages based on a breach of duty under s. 83.51.

§ 83.48, Fla. Stat. (2022) (emphasis added).

We have employed the federal lodestar method for determining court-awarded fees for many years. *See Standard Guar. Ins. v. Quanstrom*, 555 So. 2d 828, 833 (Fla. 1990). "When awarding attorney's fees, the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors." *Gordon v. Pinoargotty*, 403 So. 3d 868, 869 (Fla. 4th DCA 2025) (quoting *Powell v. Powell*, 55 So. 3d 708, 709 (Fla. 4th DCA 2011)) (citation modified).

We addressed a similar attorney's fees judgment in *El Brazo Fuerte Bakery 2 v. 24 Hour Air Service, Inc.*, 330 So. 3d 552 (Fla. 4th DCA 2021). There, the movant established through its expert that the plaintiff's attorneys' reasonable hourly rate was $350 and that 112.05 reasonable hours had been expended. *Id.* at 555. Opposing counsel proffered that a reasonable hourly rate was $225 per hour. *Id.* Ultimately, the trial court reduced the attorneys' rate to $175 per hour but awarded the full 112.05 hours. *Id.*

We held the trial court had erred in reducing the reasonable hourly rate without articulating the reason for doing so. *Id.* at 557. We reversed and

3

remanded "for the county court either to amend the award as requested, or explain a legal basis for its reduced hourly rates." *Id.* at 558.

We are not unsympathetic to the trial court's effort to ensure the award of fees and costs is reasonable. We have had numerous cases before us in which the fees have consumed the underlying judgment amount. Indeed, in many insurance cases, the fees became the focus of the litigation. Nevertheless, the trial court is bound to apply the lodestar method in determining fees, not its own sense of reasonableness or what the relationship of the award to the underlying judgment amount should be.

Here, the fee hearing transcript reveals two overarching problems with the trial court's handling of the fees and costs. First, the hearing began with the trial court's predisposition that "reasonable[] attorney's fees . . . is not going to equal or go larger than the Final Judgment. So, that is the whole issue right here." The court suggested it would consider $5,000 as a reasonable fee "at best." The attorneys' combined fee request, however, was double the underlying judgment, slightly more than $20,000. Their client's recovery was just over $10,000.

Second, the trial court ultimately posited an ultimatum to the attorneys: reduce your fee request or I will find your client was not the prevailing party and you get nothing. This was an unacceptable court response to a legitimate fee request. *See Albert v. Rogers*, 57 So. 3d 233, 236 (Fla. 4th DCA 2011) (quoting *State ex rel. Davis v. Parks*, 194 So. 613, 615 (Fla. 1939)) ("[E]very litigant is entitled to nothing less than the cold neutrality of an impartial judge.").

As the hearing progressed, the trial court identified time entries it found to be unreasonable and work the court believed could have been done by a paralegal or secretary—all discretionary court decisions. One attorney responded that she was a solo practitioner and did not employ a paralegal and that the time reflected the amount of work she had done, often reduced from the actual time taken to complete the work. The court then proceeded to identify dates for which the court found the attorneys' work unreasonable.

In one instance, the trial court criticized the attorney for not using wait time on a zoom hearing to do other work until her case was called. "So, I will not pay you just for sitting on a Zoom call." And yet, the trial court complimented the trial attorney on her performance. "It has nothing to do with your integrity as an attorney. . . . I don't know you. I saw what job you did. I thought you did an excellent job. I'm not questioning that.

4

What I'm saying to you is, your attorney's fees are unreasonable for what was awarded."

The attorneys requested the court to rule on their fee request as submitted. The trial court then awarded each attorney $325 per hour, reducing attorney Boswell's hourly rate from $350 and attorney Clamens's hourly rate from $375, respectively. The trial court found the attorneys had been practicing for fifteen and twelve years respectively, but that neither practiced landlord-tenant law, but that finding was based solely on the court's independent review of the Florida Bar's website.

Even with the trial court's explanation of some of the time it eliminated, most of the time reduction was not explained. And, even assuming the court's rationale for the specific time entries was justified, those few time entries did not account for the significant reduction in the attorneys' time. Neither the trial court's commentary at the fee hearing nor the order provides a sufficient explanation for the trial court's fee award in this case. We therefore reverse.

- ***Costs***

The landlord next argues the trial court erred in its costs award. Below, the landlord requested $4,928.34 in court costs and was awarded only $1,375.00 ($550.00 for filing fees and service and $825.00 in court reporting fees). On appeal, the landlord argues the trial court erred in failing to award the remaining $2,733.71 of taxable court costs associated with a filing fee, service of process, court reporting, and transcripts.[3] We agree.

We review cost awards for an abuse of discretion; "however, whether a cost may be awarded, at all, is a question of law to be reviewed de novo." *Sherman v. Sherman*, 279 So. 3d 188, 190 (Fla. 4th DCA 2019) (quoting *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1144 (Fla. 4th DCA 2018)).

Section 57.041 provides:

(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the

---

[3] While the landlord's total costs request was for $4,928.34, it included an amount of $819.63 for mediation. The landlord does not challenge this amount on appeal and has requested only the costs for the filing fee, service of process and court reporting.

judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.

(2)   Costs may be collected by execution on the judgment or order assessing costs.

§ 57.041, Fla. Stat. (2024).

While "a trial court has no discretion to deny the party obtaining judgment its lawful costs," it "does have discretion with respect to the amount and types of costs appropriate." *Roberts v. Third Palm, LLC*, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020).

Over twenty years ago, our supreme court established guidelines for awarding costs.  *See In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d 612 (Fla. 2005).[4]  "When a party makes an issue of the reasonableness of the costs, the party seeking the costs has the burden of establishing the reasonableness of the costs." *Roberts*, 300 So. 3d at 1217 (citations omitted).

Here, the landlord requested taxable costs of $2,148.00 for attorney Boswell and $2,780.34 for attorney Clamens.  The requested costs were supported by the guidelines.  *See* Fla. R. Civ. P. app. II (permitting court reporting costs for depositions, court reporting costs for events other than depositions, and costs of filing fees and service of process); *see also Winter Park Imports, Inc. v. JM Fam. Enters., Inc.*, 77 So. 3d 227, 230 (Fla. 5th DCA 2011) ("[W]e cannot say that the trial court's decision to award the costs for transcripts of non-evidentiary hearings was an abuse of discretion, particularly where it appears that the parties referenced these transcripts at subsequent hearings held in this contentious litigation.").

The trial court indicated it would award the costs requested.  "I give you your costs.  That's no problem at all.  Anything else?"  However, the order failed to include the total costs requested.  We must therefore reverse the cost award as well.

In sum, the trial court erred in multiple respects by reducing the attorneys' reasonable hourly rate based on independent research, by

---

[4] "Although the Statewide Uniform Guidelines were revised in 2005 and 2013," and again in 2022, "the language of the guidelines has merely been condensed" or clarified.  *See Fischer as Tr. of Dorothy L. Fischer Tr. v. Fischer as Co-Tr. of Dorothy L. Fischer Tr.*, 332 So. 3d 516, 520 n.2 (Fla. 4th DCA 2021) (citation omitted).

reducing the number of hours reasonably expended without explanation, and similarly reducing the taxable costs without sufficient articulated justification. It did so by being predisposed to a $5,000 fee regardless of time expended. And it did so by suggesting it would find the landlord did not prevail if the attorneys would not agree to the trial court's idea of a "reasonable fee." We therefore reverse and remand the case to the trial court for further proceedings consistent with this opinion. We suggest that a new judge preside over the attorneys' motion for fees and costs.

KUNTZ, C.J., and FORST, J., concur.

*     *     *

***Not final until disposition of timely-filed motion for rehearing.***